# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELORES M. BENTLEY** )<br>**O/B/O Robert L. Bentley, Deceased** )<br> )<br> **Plaintiff,** )  **2:09-cv-1697**<br> **v.** )<br> )<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social Security** )<br> )<br> **Defendant.** ) | |

## <u>MEMORANDUM ORDER OF COURT</u>

Pending now before the Court is DEFENDANT'S MOTION TO DISMISS

PLAINTIFF'S COMPLAINT, filed on behalf of Michael J. Astrue, the Commissioner of Social

Security (Doc. # 4), with brief in support (Doc. # 5). On April 12, 2010, the Court ordered

Plaintiff to respond to Defendant's motion to dismiss on or before April 30, 2010. To date, no

response in opposition has been filed, and there has been no other request for an extension of

time within which to respond. As such, the motion is uncontested and is ripe for disposition.

Plaintiff filed the Complaint on behalf of Robert Bentley, her deceased husband, in

response to a decision of the Social Security Commissioner which denied her husband's claim

for a period of disability and for Disability Insurance Benefits under Title II of the Social Security

Act. Robert Bentley sought and received a hearing before an administrative law judge ("ALJ"),

who, pursuant to an April 30, 2008 decision, denied his claim for benefits under Title II.[1] Robert

Bentley apparently requested review of the ALJ's decision from the Appeals Council, which was

---

[1] While the record does not identify the date upon which Robert Bentley died, apparently, it occurred after the hearing which was conducted on March 11, 2008, in Pittsburgh, PA, during which he was present and actually testified.

denied on January 16, 2009.  Subsequently, Plaintiff requested the case to be reopened and for more time to file a civil action.  By letter dated October 23, 2009, the Appeals Council denied the request for reopening, but granted Plaintiff an additional thirty (30) days to file a civil action. Plaintiff instituted this action on December 28, 2009.  *See* Doc. # 1.

Defendant argues that Plaintiff's complaint is an appeal of the Commissioner's decision and should be dismissed as untimely because it was filed beyond the thirty (30) day extension of time afforded to Plaintiff to initiate a civil action pursuant to 42 U.S.C. § 405(g).[2]  According to Defendant, Plaintiff was required to have commenced her action by November 27, 2009, but did not do so until thirty-one (31) days beyond the last day of the extension.[3]

The United States Supreme Court has held that the sixty (60) day time period set forth in Section 405(g) is not jurisdictional, but rather, constitutes a statute of limitations.  *See Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).  More particularly, the sixty (60) day limit under which a claimant must bring a court action is a condition on the waiver of sovereign immunity, which condition is to be strictly construed.  *Id.* at 479.  The statute also makes it clear that the Commissioner can extend the time to file an action, which was

---

[2] Section 405(g) provides, in relevant part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by <u>a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.</u>

(emphasis added).

[3] Defendant derives this date using the presumption that Plaintiff received the notice of extension within five (5) days of the date of the letter.  The Court notes that Defendant's date calculation is accurate pursuant to Federal Rule of Civil Procedure 6(a).

granted in this case. As such, Defendant is correct that Plaintiff was required to initiate her civil action within the thirty (30) day extension of time granted by the Appeals Council, and that Plaintiff actually initiated the action well beyond that period.[4] Accordingly, Plaintiff's Complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

AND NOW, this 15th day of June, 2010, upon consideration of DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. # 4) and brief in support thereof (Doc. # 5),

IT IS HEREBY ORDERED that said motion is GRANTED, and Plaintiff's Complaint is hereby DISMISSED in its entirety. The Clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Zenford A. Mitchell, Esquire
       Email: ZnZAM@aol.com

       Lee Karl, Esquire
       Email: lee.karl@usdoj.gov

---

[4] The Court notes that Defendant has not indicated the Federal Rule of Civil Procedure on which he is relying in seeking dismissal of the Complaint. However, since the argument raised is that the Complaint is barred by the applicable statute of limitations, it would appear to have been raised under Rule 12(b)(6). *See Bethel v. Jendoco Construct. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978). A statute of limitations defense can be raised on a 12(b)(6) motion only if the limitations bar is apparent on the face of the complaint. *See id.* There is no dispute that this civil action was initiated on December 28, 2009, and the Notice of Appeals Council Action is attached to the Complaint as exhibit 1, which indicates that it was mailed on October 23, 2009, making it, and that date, part of the record. *Id.*